# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EVELYN ROMM, | |
| Plaintiff, | |
| vs. | 2:12-cv-01412-RCJ-PAL |
| HARTFORD INSURANCE CO. OF THE MIDWEST et al., | ORDER |
| Defendants. | |

This case arises out of an automobile insurer's alleged failure to pay underinsured motorist benefits. Pending before the Court are a motion to dismiss and a motion to dismiss or for summary judgment. For the reasons given herein, the Court grants the motion to dismiss, with leave to amend in part, and denies the motion for summary judgment as moot.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiff Evelyn Romm was injured in a car accident on January 11, 2011 when non-party Dorothy Jackson struck her car from behind. (Compl. ¶ 9, 11, Feb. 21, 2012, ECF No. 1-3, at 3). Jackson was insured only for $30,000, and her insurance company tendered that amount to Plaintiff, but Plaintiff's medical expenses alone exceeded $330,000. (*Id.* ¶¶ 12–13). Plaintiff was insured by Defendant Hartford Insurance Co. of the Midwest ("Hartford"), policy no. 55 PHJ823535 (the "Policy"). (*Id.* ¶ 5). The Policy provided underinsured motorist ("UIM") coverage of $250,000 per person and $500,000 per event, "med-pay" coverage of $10,000, and "additional" coverage of $1,000,000. (*See id.* ¶ 6). Plaintiff informed Hartford of the accident,

providing it with medical bills and other information, including the fact that Jackson was underinsured. (*Id.* ¶¶ 14–16).  Hartford responded to Plaintiff's October 26, 2011 demand for payment by requesting that she fill out two sets of medical authorizations and requesting until November 22, 2011 to consider her demand, requests with which Plaintiff complied. (*Id.* ¶¶ 15–20).  Nevertheless, Hartford failed to respond by November 2011, nor did it request more time or information, but rather transferred the matter to another adjuster, whom Plaintiff voluntarily gave an additional thirty days to consider her demand. (*Id.* ¶¶ 21–22).  After the thirty days, Hartford again failed to respond or request more time but rather informed Plaintiff that it was retaining counsel to consider her request. (*Id.* ¶¶ 23–24).  Plaintiff voluntarily gave the attorney thirty additional days, but Hartford still failed to respond thereafter. (*Id.* ¶¶ 25–26).

Plaintiff sued Hartford and Hartford Fire Insurance Co. ("Hartford Fire") in state court on five causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) bad faith; (4) violation of Nevada Revised Statute ("NRS") sections 686A.310 et seq. and Nevada Administrative Code ("NAC") sections 686A.600 et seq.; and (5) breach of fiduciary duty.  Defendants removed and have now filed separate dispositive motions.

## II.     LEGAL STANDARDS

### A.     Dismissal

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the

1  defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

2  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is

3  sufficient to state a claim, the court will take all material allegations as true and construe them in

4  the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

5  Cir. 1986).  The court, however, is not required to accept as true allegations that are merely

6  conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

7  *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

8  with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own

9  case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79

10 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff

11 pleads factual content that allows the court to draw the reasonable inference that the defendant is

12 liable for the misconduct alleged.").  In other words, under the modern interpretation of Rule

13 8(a), a plaintiff must do more than specify the legal theory under which he seeks to hold a

14 defendant liable; he also must identify the theory of his own case so that the court can properly

15 determine not only whether any such legal theory exists (*Conley* review), but also whether the

16 plaintiff has any basis for relief under such a theory even assuming the facts are as he alleges

17 (*Twombly-Iqbal* review).

18        "Generally, a district court may not consider any material beyond the pleadings in ruling

19 on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the

20 complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

21 *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents

22 whose contents are alleged in a complaint and whose authenticity no party questions, but which

23 are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

24 motion to dismiss" without converting the motion to dismiss into a motion for summary

25 judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule

of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### B.   Summary Judgment

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See*

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III.  ANALYSIS

### A.  Hartford's Motion to Dismiss

Hartford moves to dismiss the claims for contractual breach of the implied covenant of good faith and fair dealing, the claim under the NAC, and the claim for breach of fiduciary duty. The Court grants the motion, with leave to amend in part.

First, Hartford is correct that Plaintiff alleges no facts indicating a contractual breach of the implied covenant of good faith and fair dealing, but rather an outright breach of the terms of the contract. A contractual breach of the implied covenant of good faith and fair dealing occurs

when the terms of a contract are literally complied with, but where the defendant takes some action to deprive the plaintiff of his benefit under the contract. *E.g.*, *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922–23 & n.6 (Nev. 1991). Here, Plaintiff alleges an outright breach. (*See* Compl. ¶¶ 32, 34–35). Because Plaintiff affirmatively alleges that the terms of the contract were not complied with, no claim for breach of the implied duty of good faith and fair dealing lies. Although a plaintiff may plead inconsistent theories in the alternative, Plaintiff has not pled in the alternative that Hartford complied with the literal terms of the Policy but deprived Plaintiff of its benefits. In fact, the particular allegations Plaintiff makes under the claim for contractual breach of the implied covenant of good faith and fair dealing indicate a breach of fiduciary duty theory, (*see id.* ¶¶ 40, 43), which type of claim is not available here, except via the similar bad faith cause of action, *see infra*. In her response, Plaintiff conflates an insurance bad faith claim, as described in *Allstate Ins. Co. v. Miller*, 212 P.3d 318 (Nev. 2009), *see infra*, with a garden-variety breach of the implied covenant of good faith and fair dealing. Plaintiff also cites *K-Mart Corp. v. Ponsock*, 732 P.2d 1364, 1372 (Nev. 1987) for the proposition that one may be liable under both a breach of contract theory and a bad-faith theory, but Plaintiff fails to note that the "bad faith" theory identified in that case was a tort-based bad-faith theory, not a contract-based bad-faith theory as she attempts to plead here. *See id.* Plaintiff has in fact brought a tort-based bad-faith claim under *Miller* that is not in jeopardy under the present motions. The Court will therefore dismiss the contract-based bad-faith claim, with leave to amend.

      Second, Hartford is correct that there is no private right of action under the NAC, because the Commissioner of Insurance has exclusive jurisdiction to enforce the insurance regulations. *See Allstate Ins. Co. v. Thorpe*, 170 P.3d 989, 993–94 (Nev. 2007). Plaintiff argues in response that administrative regulations may be invoked to establish the floor of care in a negligence action under a negligence per se theory. This is presumably correct, but Plaintiff brings no negligence claim and probably cannot do so, as the economic loss doctrine prevents claims based

1  upon a putative, hybrid "negligent performance of a contract" theory where the only damages

2  arise under the contract itself.  The regulations may or may not be incorporated under the claim

3  Plaintiff has brought pursuant to the NRS, but the NAC provides no separate cause of action.[1]

4  The Court will therefore dismiss the NAC-based claim, without leave to amend.

5        Third, Hartford is correct that no claim for breach of fiduciary duty lies against an insurer

6  under Nevada law apart from a bad faith claim.  "[T]he special relationship between the insured

7  and the insurer . . . is *similar to* a fiduciary relationship. *Miller*, 212 P.3d at 325 (citing *Ainsworth*

8  *v. Combined Ins. Co.*, 763 P.2d 673, 676 (Nev. 1988); *Love v. Fire Ins. Exchange*, 271 Cal. Rptr.

9  246, 251–52 (Ct. App. 1990)) (emphasis added).  The relationship is not quite the same as a

10 general fiduciary relationship, under which the fiduciary must put the beneficiary's interests

11 *above* his own, but it is similar: an insurer must treat his insured's interests as *equal with* his

12 own. *See id.* at 326.  An insurer failing to meet this standard is liable under a bad faith theory.

13 *See id.* at 326–27.  Plaintiff has brought a *Miller*-type bad faith claim that Defendant has not

14 asked the Court to dismiss.  At best, the breach of fiduciary duty claim is redundant with the bad

15 faith claim, but it is clear that *Miller* dictates the standard of behavior for the insurer under the

16 present circumstances no matter how the claim is titled.  The Court will therefore dismiss the

17 breach of fiduciary duty claim, without leave to amend.

18       **B.**    **Hartford Fire's Motion to Dismiss or for Summary Judgment**

19       Hartford Fire moves to dismiss or for summary judgment against all of Plaintiff's claims.

20 Hartford Fire argues that it is simply not Plaintiff's insurer under the Policy.  Hartford Fire is

21 correct. (*See* Policy 1, May 8, 2010, ECF No. 6-1, at 4 (listing "HARTFORD INSURANCE

22 COMPANY OF THE MIDWEST" as "INSURER" and nowhere listing Hartford Fire in any

---

[1] Hartford does not move against the claim insofar as it is brought under the NRS.  There is an express private right of action under the statutes. *See* Nev. Rev. Stat. § 686A.310(2) ("In addition to any rights or remedies available to the Commissioner, an insurer is liable to its insured for any damages sustained by the insured as a result of the commission of any act set forth in subsection 1 as an unfair practice.").

context)).  Because Plaintiff has stipulated to dismiss Hartford Fire as a Defendant, the Court will deny Hartford Fire's motion as moot.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 4) is GRANTED, with leave to amend in part.

IT IS FURTHER ORDERED that the Motion to Dismiss or for Summary Judgment (ECF No. 6) is DENIED as moot.

IT IS SO ORDERED.

Dated this 2nd day of October, 2012.

_____
ROBERT C. JONES
United States District Judge